UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PAMELA HORNE,<br>  Plaintiff,<br><br>  v.<br><br>ALBANESE CONFECTIONARY<br>GROUP, INC.,<br>  Defendant. | )<br>)<br>)<br>)    CAUSE NO.: 2:25-CV-324-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss Count III of Plaitniff's (sic) Complaint and Memorandum in Support Thereof [DE 5], filed on August 27, 2025. Plaintiff filed a response on September 17, 2025, and on September 24, 2025, Defendant filed a reply.

**I.    Background**

On July 11, 2025, Plaintiff filed her Complaint against Defendant, her prior employer, for claims arising under Americans with Disabilities Act (ADA) and state law claims of negligent hiring, training, supervision, and vicarious liability. She alleges that she was subject to discrimination, denied accommodations, and ultimately terminated due to her knee impairment.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.   Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts

1

alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**III.    Analysis**

In Count III, Plaintiff asserts claims that Defendant breached its duty to hire, train, and supervise managers and human resources employees. Defendant argues that these are duplicative state

torts that are precluded by the ADA discrimination claims. Plaintiff argues that the Court should exercise supplemental jurisdiction over the state law claims and that either the employees and managers identified in the Complaint were acting in the scope of their employment when interacting with Plaintiff or that Defendant is responsible for negligently hiring, training, and/or supervising them. She argues that because Defendant has not admitted that the identified actors were acting in the scope of employment, the state law claims are not superfluous.

Defendant relies on *Friday v. Magnifique Parfumes & Cosmetics, Inc.*, No. 3:17-CV-380 JD, 2017 WL 6048887 (N.D. Ind. Dec. 7, 2017), for its assertion that Plaintiff cannot bring claims under state law and under the ADA for the same employee actions. The plaintiff in that case sought to assert a claim against her supervisor for violations of the ADA and Title VII, asserting that "to the extent [plaintiff's] supervisor violated her rights under applicable employment laws, [the employer defendant] should be held liable for that conduct." *Id.* at *2. The court dismissed the claim for vicarious liability because the "complaint does not allege that her supervisor committed any underlying tort" for which the employer could be held liable under a theory of respondeat superior, and "[t]he Americans with Disabilities Act and Title VII already include their own standards for holding employers liable, . . . and state tort law does not displace those standards." *Id.* (citing *Vance v. Ball State Univ.*, 133 S. Ct. 2434 (2013)). In this case, unlike the plaintiff in *Friday*, Plaintiff is claiming negligent hiring, training, or supervision for actions by individuals outside the scope of their employment. In her response, she clarifies that the title to Count III is inaccurate. It reads, "Negligent Hiring, Training, and/or Supervision and Vicarious Liability *(Respondeat superior)*," Compl. p. 12, but does not state a claim for respondeat superior liability, and Plaintiff states that she is not intending to bring a claim under a theory of respondeat superior. Instead, she asserts state law claims for actions of employees that occurred outside of their employment in addition to the claims in Count I arising

3

under the ADA. She agrees that if Defendant admits that the identified employees were acting within the scope of their employment her state law claims will not succeed, but at this stage in the case Defendant has not made that admission, and her state law negligence claims are adequately stated.

The Court notes that Defendant also mentions that Plaintiff failed to name individual employees in her charge of discrimination with the EEOC but, as Plaintiff argues, it identified a number of individual actors and their alleged role in the underlying actions.

### IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion to Dismiss Count III of Plaitniff's (sic) Complaint and Memorandum in Support Thereof [DE 5].

SO ORDERED this 18th day of November, 2025.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc:   All counsel of record